UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF WESTBANK FISHING, LLC, AS OWNER AND OPERATOR OF THE F/V MARY JUDITH, IN A CAUSE FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>NO. 22-131<br><br>SECTION: "P" (3) |

**ORDER AND REASONS**

Before the Court is the Motion to Lift or Modify Stay filed by Arthur Etienne, Jr., Kenny Barthelemy, and Sherold Manuel, Sr. (collectively, "Movants").[1] Limitation Petitioner, Westbank Fishing, LLC ("Westbank"), opposes the motion.[2] For the following reasons, Movants' Motion to Lift or Modify Stay (R. Doc. 40) is **DENIED.**

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

This limitation action arises out of an incident that occurred on October 1, 2021, allegedly involving the F/V MARY JUDITH, owned and operated by Westbank, and an oyster skiff, owned and operated by Picone Seafood, LLC ("Picone Seafood"). Movants are employees of Picone Seafood who were allegedly aboard the oyster skiff at the time of the incident. The parties' allegations describing the incident vary significantly. Movants allege they were severely injured when the F/V MARY JUDITH passed the oyster skiff at a high rate of speed, causing Movants to be thrown into the water and sustain injuries to their lower necks, backs, ribs, and other parts of their bodies and to their minds.[3] Westbank, on the other hand, alleges the F/V MARY JUDITH was proceeding at a safe speed in the same general area as the oyster skiff when the skiff took on water and sank.[4] According to Westbank, the sinking was caused by the improper operation and/or

---

[1] R. Doc. 40.
[2] R. Doc. 41.
[3] *See* R. Doc. 4 at 5, ¶ 4; R. Doc. 9 at 5, ¶ 4; R. Doc. 10 at 5, ¶ 4.
[4] R. Doc. 1 at 3, ¶¶ X, XII.

overloading of the oyster skiff and, thus, Westbank is not at fault for any of the claims losses or injuries.[5]

On January 21, 2022, Westbank initiated this limitation action by filing its Complaint for Exoneration from or Limitation of Liability related to the October 1, 2021 incident.[6] On January 24, 2022, the Court issued an order staying and restraining the commencement or further prosecution of any action or proceeding against Westbank related to the October 1, 2021 incident.[7] The Court further ordered that any and all claims against Westbank arising out of the incident be filed with the Clerk of this Court on or before July 25, 2022.[8]

Arthur Etienne, Jr., Kenny Barthelemy, Sherold Manuel, Sr., and Picone Seafood each filed claims against Westbank by the July 25 deadline.[9] On July 29, 2022, the Court entered an order (1) noting the default of any other person or entity claiming damages resulting from the October 1, 2021 incident who had not filed their claims against Westbank and (2) barring such persons or entities from filing and serving any claims in this action.[10]

In March of 2023, Picone Seafood's then-counsel of record filed a motion to withdraw as counsel.[11] The Court granted the motion but ordered Picone Seafood to enroll new counsel of record no later than March 31, 2023.[12] The Court explained that because Picone Seafood is a limited liability company, which is a separate legal entity from its members, a member that is not a licensed attorney may not represent the LLC in court; it must be represented by licensed

---

[5] R. Doc. 1 at 3, ¶ XI; at 4, ¶ XVI.
[6] R. Doc. 1.
[7] R. Doc. 3; R. Doc. 3-1.
[8] R. Doc. 3.
[9] *See* R. Docs. 4, 9, 10, 13. Arthur Etienne, Jr. is the only claimant that filed a lawsuit against Westbank prior to the institution of this limitation proceeding. He filed his lawsuit in the 25th Judicial District Court for the Parish of Plaquemines, but that action is currently stayed pursuant to this Court's January 24, 2022 Order.
[10] R. Doc. 15.
[11] R. Doc. 30.
[12] R. Doc. 32.

counsel.[13]  The Court's Order further stated, in bold print, "Failure to timely comply with this order may lead to sanctions without further notice; including dismissal of claimant's petition or defenses."[14]  On May 19, 2023, because Picone Seafood had not enrolled new counsel of record, the Court dismissed without prejudice Picone Seafood's claims and defenses in this action.[15]

Movants then filed the instant motion requesting that the Court modify the order restraining the prosecution of claims against Westbank by lifting the stay and allowing Movants to proceed against Westbank in state court on the issues of liability and damages, pursuant to their rights under the saving to suitors clause of 28 U.S.C. § 1333.  Westbank opposes the motion, arguing Movants' stipulations fail to adequately protect Westbank's rights under the Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq.*, because not all claimants have entered into the required stipulations.  Westbank separately argues the stay cannot be lifted because this case is too close to trial without a jury under the Limitation of Liability Act to warrant the use of the saving to suitors clause to essentially "start over" in state court proceedings.

## II.  LEGAL STANDARD

The issues presented by the parties involve the "recurring and inherent conflict" between the Limitation of Liability Act and the saving to suitors clause.[16]  Under the Limitation of Liability Act, a vessel owner "may bring a civil action in a district court of the United States for limitation of liability."[17]  The Limitation of Liability Act "allows shipowners to limit their liability for an array of 'claims, debts, and liabilities' that might arise from the activities of their vessels to 'the

---

[13] R. Doc. 32.
[14] R. Doc. 32.
[15] R. Doc. 37. The only claims asserted by Picone Seafood in this matter were against Westbank, from whom Picone sought to recover "all damages/monies sustained/paid by Picone Seafood, LLC to its employees" and "any and all other damages to be shown at the trial of this matter." R. Doc. 13 at 8–9.
[16] *In re Tidewater, Inc.*, 249 F.3d 342, 345 (5th Cir. 2001) (citing *Texaco, Inc. v. Williams*, 47 F.3d 765, 767 (5th Cir. 1995)).
[17] 46 U.S.C. § 30511(a).

value of the vessel and pending freight,' as long as the incident giving rise to liability occurred 'without the privity or knowledge of the owner.'"[18] When a vessel owner brings an action under the Limitation of Liability Act, "all claims and proceedings against the owner related to the matter in question shall cease."[19] Thus, when a limitation action is filed, "the federal district court stays all related claims against the shipowner pending in any forum, and requires all claimants to assert their claims in the limitation court."[20] The Limitation of Liability Act is designed to protect shipowners in those cases where "the losses claimed exceed the value of the vessel and freight."[21]

The Fifth Circuit has made clear, however, that a shipowner's right to limitation is "cabined by the 'saving to suitors' clause."[22] The saving to suitors clause of 28 U.S.C. § 1333 provides, "The district courts shall have original jurisdiction, exclusive of the courts of the States, of any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."[23] "The saving to suitors clause evinces a preference for jury trials and common law remedies in the forum of claimant's choice."[24]

Although tension exists between the Limitation of Liability Act and the saving to suitors clause, the Fifth Circuit has explained that the "the [district] court's primary concern is to protect the shipowner's absolute right to claim the [Limitation of Liability] Act's liability cap, and to

---

[18] *In re N&W Marine Towing, LLC*, 31 F.4th 968, 970 (5th Cir. 2022) (*quoting* 46 U.S.C. § 30505(a)-(b)); *see Magnolia Marine Transp. Co. v. LaPlace Towing Corp.*, 964 F.2d 1571, 1576 (5th Cir. 1992); *Odeco Oil & Gas Co., Drilling Div. v. Bonnette*, 74 F.3d 671, 674 (5th Cir. 1996).
[19] 46 U.S.C. § 30511(c).
[20] *Magnolia Marine Transp. Co.*, 964 F.2d at 1575; *see* FED. R. CIV. P. SUPP. R. F(3) ("On application of the plaintiff the court shall enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in the action."). As noted by the Fifth Circuit, "Because the Supreme Court determined that the Limitation [of Liability] Act is incapable of execution without further instructions to the courts, it promulgated procedural rules to govern limitation actions, which are now contained in Supplemental Admiralty and Maritime Claims Rule F." *In re N&W Marine Towing, LLC*, 31 F.4th at 971 n.3 (*quoting In re Tetra Applied Techs. L P*, 362 F.3d 338, 340 (5th Cir. 2004)) (internal quotation marks omitted).
[21] *Magnolia Marine Transp. Co.*, 964 F.2d at 1575.
[22] *In re N&W Marine Towing, LLC*, 31 F.4th at 971 (*quoting Odeco Oil & Gas Co.*, 74 F.3d at 674) (internal quotation marks omitted).
[23] 28 U.S.C. § 1333(1).
[24] *Odeco Oil & Gas Co.*, 74 F.3d at 675 (citing *Magnolia Marine Transp. Co.*, 964 F.2d at 1575).

reserve the adjudication of that right in the federal forum."[25] Nevertheless, a claimant's "interest in litigating in the forum of their choice is substantial."[26] Thus, the Fifth Circuit has recognized two instances in which a district court must allow a state court action to proceed:

> (1) when the total amount of the claims does not exceed the shipowner's declared value of the vessel and its freight; and (2) when *all claimants* stipulate that the federal court has exclusive jurisdiction over the limitation proceeding, and that the claimants will not seek to enforce a damage award greater than the value of the ship and its freight until the shipowner's right to limitation has been determined by the federal court.[27]

In both scenarios, "allowing a state court action to proceed is contingent on protecting the 'absolute' right of the shipowner to limit his or her liability."[28]

### III.    LAW AND ANALYSIS

There is no dispute that this is a multiple-claimant case in which the total amount of claims exceeds Westbank's declared value of the vessel and its freight, and that, as a result, the Court may lift the stay and Movants may proceed against Westbank in state court only if all claimants have filed the necessary stipulations.  The parties disagree, however, as to whether all claimants have stipulated as required.  Movants contend they are the only claimants and that their stipulations adequately protect Westbank's right to limitation.  Westbank disagrees, arguing that Westbank itself and Picone Seafood are also claimants that must stipulate before the stay can be lifted.  The Court addresses Westbank's arguments as to each entity in turn below.

As to Westbank's first argument, the Court disagrees that a stipulation from Westbank is required to lift stay at issue in this case.  Westbank agues it is a claimant in this case because it has asserted its own claims against Picone Seafood for contribution and indemnity pursuant to Federal

---

[25] *Odeco Oil & Gas Co.*, 74 F.3d at 675 (citing *Magnolia Marine Transp. Co.*, 964 F.2d at 1575).
[26] *Odeco Oil & Gas Co.*, 74 F.3d at 675.
[27] *Id.* at 674 (citing *Texaco, Inc. v. Williams*, 47 F.3d 765, 768 (5th Cir. 1995), *cert. denied*, 516 U.S. 907, 116 S.Ct. 275, 133 L.Ed.26 196 (1995)).
[28] *Odeco Oil & Gas Co.*, 74 F.3d at 674 (citing *In re Complaint of Port Arthur Towing Co.*, 42 F.3d 312, 316 (5th Cir. 1995)).

Rule of Civil Procedure 14(c). Westbank cites to *Odeco Oil and Gas Co., Drilling Div. v. Bonnette*[29] and *In re Devall Towing & Boat Service of Hackberry, LLC*[30] in support of its position, but these cases are inapposite. Indeed, in both of those cases, the parties asserting claims for contribution and indemnity, and thus deemed to be "claimants," were asserting such claims *against a limitation petitioner in the action with the stay at issue*.[31] Accordingly, without stipulations from those parties, the court could not ensure the limitation petitioner's right to limitation would be protected if the stay was lifted.[32] The same cannot be said here. Westbank's claims are against Picone Seafood. Picone Seafood has not instituted a limitation proceeding. Rather, Westbank is the only party in this action that is a limitation petitioner, and the stay at issue in this case exists to protect only Westbank's right to limitation. Westbank is therefore not a "claimant" within the meaning of the Limitation of Liability Act, and Westbank's failure to stipulate is irrelevant to the Court's determination of whether Westbank's right to limitation will be fully protected if the stay is lifted.[33]

Westbank next argues that the Court cannot lift the stay because Picone Seafood has not joined Movants' stipulations or filed any of its own. Westbank contends stipulations from Picone Seafood are necessary for two reasons: (1) because Picone Seafood's claims against Westbank were dismissed *without prejudice*, and (2) because Westbank has tendered Picone Seafood to

---

[29] 74 F.3d 671 (5th Cir. 1996).
[30] 827 F. App'x 411 (5th Cir. 2020).
[31] *See Odeco Oil & Gas Co.*, 74 F.3d at 675; *In re Devall Towing*, 827 F. App'x at 412–14.
[32] *Odeco Oil & Gas Co.*, 74 F.3d at 675; *In re Devall Towing*, 827 F. App'x at 413–14.
[33] *See In re Tidewater, Inc.*, 249 F.3d 342, 347–48 (5th Cir. 2001) (recognizing limitation petitioner Tidewater's status as a claimant because Tidewater asserted a claim against another limitation petitioner, Vermillion, but also finding that Tidewater's failure to stipulate was irrelevant because the stay at issue related to the Tidewater proceeding, not the Vermillion proceeding). Here, Westbank's argument is even one step further removed from the argument made in *In re Tidewater*, because Westbank does not assert any claims against a limitation petitioner, i.e., a vessel owner that has invoked its right to limitation under the Limitation of Liability Act. Nevertheless, even if it were a claimant in some other limitation action, the stay at issue in this action relates to claims *against* Westbank. Accordingly, the Court does not need a stipulation from Westbank to determine whether Westbank's right to limitation and to adjudicate that right in federal court will be fully protected if the stay is lifted. *See id.*

Movants under Rule 14(c), and thus Picone Seafood remains a party to this litigation, even though its claims against Westbank were dismissed.[34] Movants' response to this argument is simply to state the contrary: that stipulations from Picone Seafood are not necessary because Picone Seafood's claims were dismissed.[35]

Neither Westbank nor Movants provide any legal authority in support of their position as to Picone Seafood's status in this litigation and the resulting need (or lack thereof) for a stipulation from Picone Seafood before the stay can be lifted. Having done its own research on this issue, the Court cannot say, based on the current record, that Westbank's right to limitation is sufficiently protected without a stipulation from Picone Seafood. The primary considerations for this determination are: (1) Picone Seafood filed its claims within the monition period;[36] (2) because the claims were filed within the monition period and had not yet been dismissed, they were not defaulted pursuant to the Court's July 29, 2022 Order;[37] (3) when Picone Seafood's claims were dismissed on May 19, 2023, they were dismissed *without* prejudice;[38] and (4) the record does not contain sufficient information for the Court to determine whether the dismissal was effectually with prejudice or whether, for some other reason, Picone Seafood would be barred from reasserting its claims against Westbank.[39] Thus, it appears Picone Seafood may seek to recover damages from Westbank and that it may still have the right to do so. At this time, then, the Court cannot be certain that the stipulations, signed only by Movants, will fully protect Westbank's limitation

---

[34] R. Doc. 41 at 3–4.
[35] R. Doc. 45 at 3–4.
[36] R. Doc. 13.
[37] R. Doc. 15.
[38] R. Doc. 37.
[39] The Court notes this action was pending before a different Section of this Court when the dismissal order was issued. *See* R. Doc. 46 (transferring the action to this Section on June 8, 2023).

rights.[40] Without such certainty, the federal forum must remain the sole forum for adjudicating the claims against Westbank.[41]

## IV. CONCLUSION

The Court rejects Westbank's argument that the stay cannot be lifted without a stipulation from Westbank itself. But because it appears that Picone Seafood remains a potential claimant in this action, the Court agrees that the stipulations, signed by Movants only, do not adequately protect Westbank's right to limitation of liability. The Court must deny Movants' motion to lift or modify stay on this basis.[42]

The Court is cognizant that this result differs from that which the Court informed the parties was likely to occur during a recent status conference. After further review and consideration of the issues, however, the Court finds this to be the appropriate result for the reasons explained herein.

Accordingly, **IT IS ORDERED** that Movants' Motion to Lift or Modify Stay (R. Doc. 40) is **DENIED**.

New Orleans, Louisiana, this 25th day of June 2024.

_____
**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**

---

[40] *See Odeco Oil & Gas Co.*, 74 F.3d at 675 (vacating district court's order lifting the stay where the record indicated potential claims that would frustrate the limitation petitioner's right to limitation and those claimants had not signed the protective stipulations).

[41] *See id.* ("The shipowner's right to limitation takes precedence over the claimant's rights to proceed in the forum of their choice.").

[42] Because Movants' motion to lift stay must be denied on this basis alone, the Court need not address Westbank's final argument that the motion should be denied because the parties were too close to trial in federal court without a jury to require them to start over in yet-to-be-filed state court proceedings.